### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

UNITED STATES OF AMERICA            )
                                    )
      v.                           )            Cause No.: 2:04 CR 87
                                    )
ADEKUNLE  ODUMABO                   )

### OPINION AND ORDER

This matter is before the Court on a "Motion to Terminate Payments of Toyin Oloko as Bond Payment Based Upon Flight of His Brother, Adekunle Odumabo, Where His Brother Had Been Arrested and Then Committed Suicide" [DE 105], filed by Toyin Oloko on February 25, 2008. The Government filed a response on March 10, 2008, and Oloko filed a reply on April 8, 2008. The Court held an in-person motion hearing on May 6, 2008, at which Oloko gave testimony, other evidence was proffered, and arguments were presented.

### BACKGROUND

On September 28, 2004, an order setting conditions of release was signed permitting the release of Defendant Adekunle Odumabo. Odumabo and his brother, Toyin Oloko, executed an unsecured bond in the amount $20,000.00 guaranteeing the appearance of Odumabo. According to the terms of the release order, Odumabo was released from custody and directed to comply with the conditions of his release. Odumabo violated the conditions of his bond by removing his electronic monitoring bracelet and failing to appear for jury trial scheduled August 29, 2005. A warrant was issued for Odumabo's arrest on or about August 25, 2005. On August 30, 2005, an order was entered declaring that the conditions of Odumabo's bond were breached, and the bond was forfeited. On October 6, 2005, the Court entered an Order, entering default judgment in the amount of $20,000

against Odumabo and Oloko on the bond and ordering Odumabo and Oloko to make payments to the U.S. Clerk, 5400 Federal Plaza, Hammond, IN 46320, in a minimum amount of $100.00 per month with statutory interest, beginning November 5, 2005, and the 5th day of each month thereafter until paid in full.

On April 26, 2007, Odumabo was arrested and appeared before the Court for an initial appearance. At the conclusion of the hearing, the Court directed the United States Marshal Service to alert the detention facility that Odumabo made several suicide statements in open court and that Odumabo should be monitored accordingly.  On April 30, 2007, Odumabo committed suicide while in custody.

## ANALYSIS

In the instant motion, Oloko, the surety on the bond, asks the Court to relieve him of his obligation to pay on the appearance bond in light of his brother's suicide while in federal custody.

Pursuant to Federal Rule of Criminal Procedure 46(f)(2), a court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if "(A) the surety later surrenders into custody the person released on the surety's appearance bond; or (B) it appears that justice does not require bail forfeiture."  In this case, because Oloko did not surrender Odumabo into custody , the Court must consider whether it appears that justice does not require forfeiture of the bond. "Upon the failure of a bailed defendant to appear in court when he is required to do so, the surety upon his bond becomes absolutely obligated to the United States for the full amount of the bond . . . .  By its motion to set aside a bond forfeiture, the surety assumes the burden of proving that an injustice is done by the forfeiture."  *United States v. Foster*, 417 F.2d 1254, 1256 (7th Cir. 1969).

2

In deciding whether a forfeiture should be set aside, the Court considers the following factors: "(1) the willfulness of the defendant's breach of conditions; (2) the participation of the sureties in apprehending the defendant; (3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and (4) any explanation or mitigating factors presented by the defendant." *United States v. Gutierrez*, 771 F.2d 1001, 1003 (7th Cir. 1985). Because Oloko is the surety, the Court also considers whether Oloko is a professional bondsman or one of Odumabo's friends or family members and the appropriateness of the amount of the bond. *Id*. at 1004. However, the Court may not consider the financial plight or interests of the surety Oloko.

In this case, Odumabo willfully breached the conditions of the bond when he did not appear for his trial on August 29, 2005. The record indicates that government agents searching for Odumabo questioned Oloko, but there is no evidence that he assisted in apprehending Odumabo. Oloko testified at the hearing that he did not know where his brother was during the time Odumabo was a fugitive. Although the government did not incur the costs of trying Odumabo in absentia, as argued by Oloko, the government did expend substantial time, effort, and expense in locating and ultimately arresting  Odumabo after a 14 month search for him. Finally, although Oloko has suffered emotional hardship as a result of the loss of his brother, this is not a significant mitigating factor when considering whether Oloko should be required to continue paying on the forfeited bond for Odumabo's failure to appear at his trial in August 29, 2005 and his ensuing fourteen-month status as a fugitive. The fact that Oloko is a family member does not alter the balance of the factors, and, based on Oloko's representations to the Court at the time he signed the bond, the amount of the

bond is appropriate.  Balancing these factors, the Court finds that an injustice is not done by the forfeiture of the bond.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** the "Motion to Terminate Payments of Toyin Oloko as Bond Payment Based Upon Flight of His Brother, Adekunle Odumabo, Where His Brother Had Been Arrested and Then Committed Suicide" [DE 105].  The Court **REAFFIRMS** its October 6, 2005 Order granting an entry of default on the bond forfeiture agreement and setting the conditions of Oloko's repayment of the bond.

So ORDERED this 7th day of May, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record